STATE OF OHIO )
) SS:
COUNTY OF SUMMIT )

## UNITED STATES POSTAL INSPECTION SERVICE

I, Marc Kudley, DO HEREBY DEPOSE AND SAY:

1. I am a United States Postal Inspector, employed by the U.S. Postal Inspection Service (USPIS) since May 2012.  I am a sworn Federal law enforcement officer empowered to investigate criminal activity involving or relating to the U.S. Postal Service ("USPS") and/or U.S. Mail.  I am presently assigned at the USPIS Cleveland, Ohio Field Office to the Contraband Interdictions and Investigations Group, which strives to protect the U.S. Mail from dangerous drugs and illegal contraband, specifically illicit drugs and firearms.  I have received training in the detection and investigation of drug trafficking.  Based on my training and experience investigating drug offenses, I am aware that certain quantities of drugs indicate whether the drugs are intended for personal use or distribution.  I have worked drug trafficking investigations involving the U.S. Mails since August 2012, during which time I have been involved in narcotics investigations leading to prosecution in U.S. District Court, as well as state courts.

2. This affidavit is in support of a criminal complaint against DAVID FELIX.

3. Because this affidavit is submitted for the limited purpose of supporting a criminal complaint and arrest warrant, I have not included each and every fact known concerning this investigation.  I have set forth only the facts I believe necessary to establish probable cause that FELIX has committed violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846, that is attempted possession with intent to distribute methamphetamine, a schedule II controlled substance.

4. I know based on training and experience that U.S. Mail is often used by narcotic traffickers to transport controlled substances, proceeds derived from the sale of controlled substances, and other contraband such as firearms.  I know from my training and experience that the USPS Priority Mail system is commonly used to transport controlled substances, proceeds derived from the sale of controlled substances, and other contraband because Priority Mail provides traceability, reliability, and timely delivery.  The guaranteed delivery timeframe of approximately two to three days for Priority Mail places time pressures on law enforcement agents to identify, search, and deliver these drug parcels in a timely manner.

5. On October 21, 2019, while conducting parcel interdiction at the Akron, Ohio Five Points Post Office, I identified U.S. Postal Service Priority Mail parcel bearing tracking number 9505 5138 1161 9292 3467 87, addressed to Jessy

Williams, 854 Harvard St, Akron, OH 44311, with a return address of David Williams, 39 E 2nd St, Heber, CA 92249 (hereinafter "USPS parcel 9505 5138 1161 9292 3467 87").

6. USPS parcel 9505 5138 1161 9292 3467 87 is described as a white Priority Mail Medium Flat Rate Box measuring approximately 12" X 3.5" X 14.125" in size and weighing approximately two pounds and seven ounces. I identified this as a suspect drug parcel based on several characteristics, including but not limited to type of mail, origin, destination, and size. USPS parcel 9505 5138 1161 9292 3467 87 was mailed from the Calexico, CA 92231 Post Office on October 19, 2019 and bore $14.35 in U.S. Postage. Your affiant knows California has historically been a source area for mailed controlled substances into Northern Ohio.

7. I made inquiries with CLEAR, an electronic database that has proven reliable in previous investigations in determining the legitimacy of name, address, and phone number information, concerning the delivery address of 854 Harvard St, Akron, OH 44311, and was unable to associate an individual with the name Jessy Williams at the address. I also made inquiries with CLEAR concerning the return address of 39 E 2nd St, Heber, CA 92249 and was unable to associate an individual with the name David Williams at the address. I know based on training and experience, that individuals using the U.S. Mails for the purpose of transporting controlled substances will often place fictitious address, name and/or phone number information, different variations of their names, or no names at all on these parcels, to conceal their true identities from law enforcement should the parcel be seized.

8. On October 21, 2019 at the U.S. Postal Inspection Service Office located in Akron, OH, USPS parcel 9505 5138 1161 9292 3467 87 was placed into a lineup containing several blank parcels which emanated no narcotics odors. Narcotic detection canine "Cruiser," handled by Detective Chris Carney of the Akron Police Narcotics Unit was allowed to examine the lineup. According to Detective Carney, Cruiser gave a positive alert on USPS parcel 9505 5138 1161 9292 3467 87 and none of the blank parcels. According to Detective Carney, this positive alert meant Cruiser detected the odor of an illegal drug emanating from USPS parcel 9505 5138 1161 9292 3467 87.

9. Detective Carney has been State Certified as a Narcotics Canine handler and he and narcotics canine Cruiser have worked together since 2010. Detective Carney and canine Cruiser were both certified in September of 2019 by the Ohio Peace Officers Training Academy (OPOTA) as a specialty purpose K-9 team, narcotic detection. During this time, Cruiser was trained and certified to alert to the presence of the odors from marijuana, cocaine, heroin, methamphetamine and their derivatives. Detective Carney has been trained how to handle a detector K-9 and read their alerts. According to Detective Carney, Cruiser is a reliable K-9 assist unit.

10. I know based on training and experience that individuals who regularly handle controlled substances often leave the scent of controlled substances, which narcotic canines are trained to indicate alert, on the box, contents of the box, and/or other packaging material they handle.

11. On October 21, 2019 in the Northern District of Ohio, Eastern Division, I applied for and was granted a federal search warrant by the Honorable Magistrate Judge Kathleen Burke, authorizing the search of USPS parcel 9505 5138 1161 9292 3467 87.  A search of USPS parcel 9505 5138 1161 9292 3467 87 resulted in the seizure of approximately 820 grams of a white crystalline substance in zip lock bags that field tested positive for methamphetamine, a schedule II substance.  The crystalline substance was concealed in black carbon paper and wrapped in clear cellophane.

12. On October 21, 2019, members of the USPIS and FBI Safe Streets Task Force in Akron, OH conducted a controlled delivery of USPS 9505 5138 1161 9292 3467 87 to 854 Harvard Ave, Akron, OH 44311.  Prior to the controlled delivery, I placed a representative sample of approximately 30 grams back into the parcel.  Additionally, I placed an electronic monitoring device in the parcel that would alert law enforcement officers as to when the parcel was opened.

13. At approximately 11:50 a.m., an undercover Postal Inspector arrived at the delivery address in a USPS delivery vehicle with USPS 9505 5138 1161 9292 3467 87.  The property located at 854 Harvard Ave in Akron, OH appeared to be a vacant residence.  At approximately 11:51 a.m., the undercover Inspector knocked on the front door and left the parcel on the front porch in front of the door when there was no answer.  The Inspector departed the area in the USPS vehicle.

14. At approximately 11:52 a.m., an individual later identified as DAVID FELIX exited the residence located at 864 Harvard Ave, Akron, OH 44311, three residences to the south of the delivery address, and stood on the front porch talking on a cellular phone.  FELIX then walked north to 854 Harvard Ave while talking on a cellular phone and retrieved USPS 9505 5138 1161 9292 3467 87 from the porch of 854 Harvard Ave.  FELIX looked at the parcel and then placed it back on the porch.  FELIX looked up and down the street and then walked back to 864 Harvard Ave without the parcel.

15. Officers again observed FELIX standing on the porch of 864 Harvard Ave talking on a cellular phone.  At approximately 12:19 p.m., FELIX walked north from 864 Harvard Ave directly to 854 Harvard Ave and retrieved USPS 9505 5138 1161 9292 3467 87 from the front porch.  FELIX carried the parcel back to 864 Harvard Ave.  Officers observed FELIX walk down the driveway toward the back of the residence with USPS 9505 5138 1161 9292 3467 87.  At approximately 12:21 p.m., officers received an alert from the electronic monitoring equipment in

the parcel indicating the parcel had been opened.  Officers then observed FELIX place the white USPS Priority Mail Medium Flat Rate Box in the green garbage can at the end of the driveway by the street.

16. Law enforcement officers observed FELIX walk toward the front of the residence with the parcel contents in his hand.  Marked and undercover law enforcement officers approached the residence in attempt to stop FELIX from entering the residence with the contents.  FELIX observed the law enforcement officers and hastily entered the residence through the front door with the parcel contents in hand.  Officers clearly marked as "police" arrived at the residence shortly after FELIX entered the residence, knocked on the front door, and announced their presence, clearly identifying themselves as police officers.  After no answer at the front door, officers breached the door and entered the residence in attempt to prevent the destruction of evidence.

17. As officers entered the residence, other officers securing the perimeter of southwest corner of residence observed an item landing in the backyard.  Officers believed the item was thrown from the second floor window in the southwest corner of the residence.  At approximately 12:24 p.m., I arrived at the southwest corner of the residence and located the item that was purportedly discarded from the residence.  The item was the representative sample of the crystal methamphetamine and sham material that was wrapped in black carbon paper and clear cellophane.  I reasonably believe that FELIX discarded the meth from the second floor window in attempt to hide it from law enforcement.

18. FELIX was detained inside the residence when coming down the stairs.  While detaining FELIX and conducting a safety sweep of the residence, officers observed a Smith & Wesson .44 Magnum Revolver in plain view on the kitchen table.  Officers identified two other individuals within the residence.  Officers escorted FELIX and the other two individuals out of the residence and waited outside while Det. Carney applied for a search warrant in the Akron Municipal Court in Summit County, OH, for the residence located at 864 Harvard Ave.  The search warrant for the residence was subsequently obtained for the residence.

19. During the execution of the search warrant, an unknown powder residue, scales and an AM-15 rifle were also recovered.

20. Based on the information contained in this affidavit, I believe there is probable cause to believe that on October 21, 2019 in the Northern District of Ohio, DAVID FELIX committed violations of Title 21, United States Code, Sections

841(a)(1), (b)(1)(A) and 846, that is attempted possession with intent to distribute methamphetamine, a schedule II controlled substances.


MARC KUDLEY
U.S. POSTAL INSPECTOR


This affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1 (b)(2)(A), by telephone after a PDF was transmitted by email, per Crim R. 4.1 this 22nd day of October, 2019.


Kathleen B. Burke, U.S. Magistrate Judge