UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19CR711 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DAVID FELIX, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of the defendant, David Felix (Doc. No. 24), for a *de novo* review of an Order and Decision by The Honorable John R. Adams (Doc. No. 18) revoking the magistrate judge's bond order and ordering the defendant detained, which the Court shall treat as a motion for reconsideration. With few exceptions, a district judge does not have the authority to review the orders of other district court judges. *See United States v. Rouleau*, 673 F. Supp. 57, 58 (D. Mass. 1987) (citing *United States v. Gallo*, 653 F. Supp. 320, 327 (E.D.N.Y. 1986)). Had defendant wished to seek review of Judge Adams' order, the proper recourse would have been to pursue an appeal with the Sixth Court of Appeals pursuant to 28 U.S.C. § 1291, as provided in 18 U.S.C. § 3145(c).

Nevertheless, the Court recognizes that, with the subsequent filing of the indictment, the nature of the action has materially changed. Accordingly, the Court shall treat defendant's motion as a request for reconsideration of the order of detention. *See, e.g., United States v. Auletta*, No. 86 CR. 245 (MJL), 1988 WL 103365, at *2–3 (S.D.N.Y. Sept. 28, 1988) (relying on the Court's inherent power to reconsider its own

orders as a basis for revisiting an order of detention). As will be seen below, the filing of the indictment and the developments in the case since the indictment issued only serve to reinforce the decision that continued detention is appropriate.

The Court has reviewed the following:

(1) A pretrial services report prepared on October 24, 2019 (Doc. No. 3), in conjunction with a criminal complaint filed on October 22, 2019 involving Mr. Felix;

(2) The criminal complaint, which set forth the charge of Attempt to Possess with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and supported by a 5-page affidavit (Doc. No. 1);

(3) The transcript of the detention hearing proceedings before The Honorable Kathleen B. Burke, wherein terms of a bond for Mr. Felix were established (Doc. No. 13);

(4) The Order and Decision of The Honorable John R. Adams revoking the magistrate judge's bond order and, instead, ordering Mr. Felix's detention (Doc. No. 18);

(5) The indictment (Doc. No. 19);

(6) The written motion filed on behalf of Mr. Felix (Doc. No. 24) asking the Court for a review of the detention order; and

(7) The government's response, opposing Mr. Felix's motion (Doc. No. 25).

Mr. Felix is charged in the indictment with one count of Attempt to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

Because Mr. Felix filed his motion prior to entering a plea of guilty in this case, the Court will analyze his motion under both standards.

## I. Analysis Applicable Prior to Plea

In accordance with 18 U.S.C. § 3142(f), the Court reviewed the record to determine whether any condition or combination of conditions of release would reasonably assure the appearance of defendant, David Felix, at further court proceedings and protect the public. In this case the Court finds that, pursuant to 18 U.S.C. § 3142(e)(3), given the nature of the drug offense charged, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3)(A). While the defendant has the burden of production to rebut the presumption, the government retains the overall burden of persuasion on a motion for detention. *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010).

In *Stone*, the Sixth Circuit Court of Appeals outlined, in detail, the standard that the Court must apply, as follows:

> Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno,* 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.] 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(b). The default position of the law, therefore, is that a defendant should be released pending trial.
>
> That default is modified, however, for certain, particularly dangerous defendants. Specifically, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]"18 U.S.C. § 3142(e)(3). A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged.

*Hazime,* 762 F.2d at 37. Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.

As our sister circuits have found, section 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *See, e.g., United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001); *United States v. Portes,* 786 F.2d 758, 764 (7th Cir. 1985). A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes,* 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991); *see also United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption.").

Even when a defendant satisfies his burden of production, however, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes,* 254 F.3d at 436. The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. *See United States v. Jessup,* 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by *United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990), ("Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found"); *see also United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness ... represents Congressional findings that certain offenders ... are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm [.]" *Jessup,* 757 F.2d at 387.

Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. In determining whether the government has met that burden of persuasion, the court must consider certain factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, ... a Federal crime of terrorism, or

involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

18 U.S.C. § 3142(g). However, consideration of these factors shall not be construed to modify or limit the presumption of innocence. 18 U.S.C. § 3142(j).

*Stone*, 608 F.3d at 945–46.

Upon appeal of the magistrate judge's bond order, Judge Adams, in a detailed opinion, found that Mr. Felix failed to introduce sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3). (Doc. No. 16 at 6-7.) Judge Adams also found that there were "numerous troubling details in the record that are wholly unaddressed by the magistrate judge" and which, upon analysis, demonstrate by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of Mr. Felix at trial and, further, that if Mr. Felix were released from custody, even with possible conditions, Judge Adams found that Mr. Felix would present a serious risk to the safety of others and the community. *(Id.* at 7-8.)

Mr. Felix did not challenge the facts underlying the charge in the indictment as summarized by Judge Adams, which the Court adopts and are as follows:

> On October 21, 2019, Postal Inspector Marc Kudley identified a suspicious package that was addressed to Jessy Williams, 854 Harvard St., Akron, OH 44311. Utilizing a narcotics detection canine, Cruiser, Kudley placed the package in a lineup with several blank parcels. Cruiser alerted on the suspicious package. Inspector Kudley then sought and received a warrant to search the package. The search revealed that the package contained 820 grams of methamphetamine. The drugs were wrapped in black carbon paper and clear cellophane. Inspector Kudley then placed a representative sample of 30 grams back into the package and added an electronic monitoring device. The device was designed to alert authorities when the package was opened.
>
> The parcel was left on the front porch of the 854 Harvard Avenue just before noon. Roughly two minutes after its delivery, Felix exited 864 Harvard Avenue, an address roughly three residences south of the delivery address. Felix walked to 854 Harvard Avenue while speaking on his cell phone. Felix examined the parcel and placed it back on the porch. Felix then returned to 864 Harvard Avenue. Twenty-seven minutes later, Felix returned to the delivery address and retrieved the parcel. Felix once again returned to 864 Harvard Avenue and walked toward the back of the residence. Two minutes after Felix retrieved the parcel, authorities received an alert that it had been opened.
>
> Officers observed Felix throw the USPS box into the garbage can at the end of driveway at 864 Harvard Avenue. Officers further observed Felix walk to the front of the residence with the parcel contents in his hands. Officers attempted to reach Felix before he entered the residence, but they were unsuccessful. Instead, officers knocked on the door and announced their presence. Felix did not respond, [and] officers were forced to breach the door to prevent the destruction of evidence. As some officers entered the residence, others observed an item being thrown from the [second-floor] window. The item was later identified as the representative sample of methamphetamine that Inspector Kudley had placed in the parcel.
>
> While conducting a safety sweep of the residence, officers recovered a .44 magnum revolver on the kitchen table. Officers then secured a search warrant for the residence. An unknown powder residue, scales, and an AM-15 rifle were recovered during that search. According to the proffer from the Government, Felix admitted to ownership of the revolver. Felix allegedly had purchased and sold the AM-15 rifle to another individual

living at 864 Harvard Avenue. Felix also told officers that he used marijuana on a daily basis.

(Doc. No. 16 at 1-3.)

In his motion, Mr. Felix fails to present any new evidence. Instead he essentially disagrees with the conclusions reached by Judge Adams and further argues "that release under home detention would allow him to greater assist defense counsel in the preparation of his case for trial and, would permit him to further strengthen his family relationships." (Doc. No. 24 at 2-4.)

The undersigned has reviewed the pretrial services report and the information proffered by the parties at the hearing, and the Court agrees with Judge Adams' analysis and conclusions of the factors that must be considered when determining if the defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community.

Additionally, the undersigned finds that Mr. Felix's new arguments that release under home detention would allow him to greater assist defense counsel and further strengthen his family relationships are insufficient additional considerations to overcome the presumption.

Even if the Court were to find that Mr. Felix met his "burden of production" regarding the rebuttable presumption (which it does not), the Court finds that the government has met its "burden of persuasion" in establishing by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and in establishing by a preponderance

of evidence that no condition or combination of conditions of release will reasonably assure Mr. Felix's appearance.

It cannot be denied that the drug charge is very serious. Indeed, Congress thought that the nature of the drug charge, with its mandatory minimum 10-year sentence up to life imprisonment, was serious enough to trigger the presumption in favor of detention. This factor weighs in favor of detention.

Further, the weight of the evidence contained in the criminal complaint and accompanying affidavit is detailed and presents strong evidence against Mr. Felix. (Doc. No. 1-1.) This factor weights in favor of detention.

The history and characteristics of Mr. Felix also weigh in favor of detention. He does not appear to have a stable residence. Although he was living with his girlfriend in Twinsburg, Ohio, he is unable to live there now due to the charge in this case. And, although his father owns a house in Akron, this is the property that the government claims helped Mr. Felix to facilitate the instant offense. Finally, while his brother lives in Akron, the pretrial services officer did not have enough information regarding the brother's residence or background for the Court to determine if the residence was suitable. Perhaps more troubling, Mr. Felix's criminal history reflects that a bench warrant was issued for him when he failed to appear for trial. He also claims to work in construction, but when interviewed by the pretrial services officer, he could not remember the name or address of the construction company. Mr. Felix has made contradictory statements regarding owning and possessing firearms: he told the law enforcement officers that he owned the firearm found at the residence where he was arrested, but he denied owning any firearms when interviewed by the pretrial services

officer. Finally, at his pretrial services interview, Mr. Felix submitted a urine drug screen which tested presumptively positive for cocaine and marijuana. All of these facts weigh in favor of detention.

Finally, the allegations in this case involve shipping a large amount of methamphetamine to a residence in Akron. The nature of the charge establishes that the conduct in which Mr. Felix is alleged to have engaged in poses a serious and dangerous threat to the community. This factor weighs in favor of detention.

Given the Court's analysis, (and even if the rebuttable presumption did not apply), the Court finds that the government has proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and further that the government proved by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Felix's appearance.

**II. Analysis Applicable Following Plea**

As previously noted, since the motion was filed, Mr. Felix has entered a plea of guilty to the charge set forth against him in the indictment. (*See* Minutes of Proceedings of 2/7/2020; Doc. No. 33.)

Title 18 U.S.C. § 3143, which governs release or detention of a defendant pending sentence or appeal, provides the factors that the Court must consider, as follows:

> (a) Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to

the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with under section 3142(b) or (c).

**(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--

**(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

**(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

**(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Mr. Felix has now pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Additionally, the pretrial services report suggests, and the Court finds, that Mr. Felix poses a risk of nonappearance because of his substance abuse history and his criminal history. The report also suggests, and this Court finds, that Mr. Felix poses a risk of danger because of his substance abuse history and the nature of the instant offense.

Based upon the nature of the offense to which Mr. Felix has pleaded guilty in the instant case, the possible statutory sentences that the offense carry, the parties' joint recommendation regarding the possible guideline offense level, Mr. Felix's prior failure to appear for a jury trial, , the Court is unable to find by clear and convincing evidence that Mr. Felix is not likely to flee or pose a danger to any other person or the community.

### III. Conclusion

The Court has reviewed the order of detention in this case and concluded upon reconsideration that detention is warranted. Thus, the Court finds that Mr. Felix shall remain in the custody of the Attorney General or his designated representative. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED**.

Dated: March 3, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**