# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19CR711 |
|---|---|---|
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| DAVID FELIX, | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant David Felix ("Felix") for bond. (Doc. No. 36 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 37 ["Opp'n"]), and Felix has filed a supplement. (Doc. No. 38 ["Suppl."].) For the reasons that follow, Felix's motion, as supplemented, is DENIED.

## I. BACKGROUND

On October 22, 2019, Felix was charged in a complaint with attempt to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. (Doc. No. 1.) A full detention hearing was held before a magistrate judge who ordered Felix released. (10-29-2019 Minutes.) The government appealed the magistrate judge's ruling to United States District Judge John Adams. (Doc. No. 10 (Notice of Appeal).) After reviewing the exhibits and transcript from the bond hearing, Judge Adams revoked the magistrate judge's bond order and ordered Felix detained. (Doc. No. 16 (Order and Decision).)

On November 13, 2019, a federal grand jury indicted Felix on one count of attempt to posses with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A) and 846. (Doc. No. 19 (Indictment).) Following the issuance of the indictment, Felix sought *de novo* review of Judge Adams' order of detention. (Doc. No. 24.) On February 7, 2020, Felix entered a guilty plea to the indictment. (2-7-2020 Minutes). Felix is currently incarcerated at Northeast Ohio Correctional Center ("NEOCC") and is scheduled to be sentenced on May 28, 2020.

On March 3, 2020, the Court—treating the motion for *de novo* review as a motion for reconsideration—denied the motion. (Doc. No. 34 ["Order"].) In so ruling, the Court found:

> Mr. Felix has now pleaded guilty to an offense for which a maximum term of imprisonment is prescribed in the Controlled Substances Act. Additionally, the pretrial services report suggests, and the Court finds, that Mr. Felix poses a risk of nonappearance because of his substance abuse history and his criminal history. The report also suggests, and this Court finds, that Mr. Felix poses a risk of danger because of his substance abuse history and the nature of the instant offense.
>
> Based upon the nature of the offense to which Mr. Felix has pleaded guilty in the instant case, the possible statutory sentences that the offense carry, the parties' joint recommendation regarding the possible guideline offense level, Mr. Felix's prior failure to appear for a jury trial, the Court is unable to find by clear and convincing evidence that Mr. Felix is not likely to flee or pose a danger to any other person or the community.

(Order at 166.)

**II. DISCUSSION**

As supplemented on April 3, 2020, Felix's motion requests temporary release "under electronic home detention, UNTIL THE PANDEMIC HAS ENDED." (Suppl. at 200, capitalization in original.) He submits that "[i]n spite of best efforts at [NEOCC], social distancing, the most powerful weapon against COVID-19 virus, is simply unavailable, as inmates are in close quarters. Additionally, inmate hygiene procedures are substandard at best." (*Id*. at 201.)

In support of his motion, Felix cites 18 U.S.C. § 3142, but that statutory provision "applies only to a person seeking release pending trial." *United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (rejecting the applicability of 18 U.S.C. § 3142(i) for prisoner awaiting sentencing). Release pending sentencing, as relevant here, is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions. *See, e.g., id.* (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (finding that § 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19). Accordingly, Felix's request is properly evaluated under § 3143.

### A.  18 U.S.C. § 3143

Under 18 U.S.C. § 3143(a)(2), if a defendant is convicted of an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court must order the defendant detained. Detainment is mandatory unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Here, as the Court has previously determined, Felix was subject to mandatory detention because he pleaded guilty to an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Further, the Court is unaware of any basis for which a motion for a new trial or judgment of acquittal could be granted, and the government is recommending a term of imprisonment. Once detained in accordance with §

3143(a)(2), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate" and the defendant poses no risk of flight. 18 U.S.C. § 3145(c) (emphasis added).

The Court finds that Felix is unable to satisfy either requirement for release. "Exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). There is no dispute that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. It is for this reason that some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a "unique combination of circumstances" that meets the "exceptional circumstances" requirement. *See, e.g., United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *3 (S.D.N.Y. Mar. 30, 2020) (inmate awaiting sentencing in a facility with an outbreak of COVID-19, who had previously been released on bond prior to entering a guilty plea and had a documented respiratory condition, established "exceptional circumstances" to justify his temporary release). But Felix has not suggested, let alone demonstrated, that he is at a heightened risk of contracting COVID-19.

Further, at this time, the COVID-19 virus has not been detected in inmates at NEOCC. As explained in the government's response, NEOCC, along with Bureau of Prisons ("BOP") and the U.S. Marshals Service, has taken substantial precautions to mitigate the spread of the COVID-19 virus amongst its prison population, including taking all of the preventive actions advised by the Centers for Disease Control and Prevention ("CDC") and the World Health

Organization ("WHO"). (*See* Opp'n at 194-97.) These preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. (*Id.*) In the absence of any evidence that Felix has an increased risk of contracting the virus in his institution, the Court cannot find that "exceptional circumstances" warrant his release. Further, given Felix's criminal history and his history of substance abuse, as well as his failure to appear for a prior criminal trial and his contradictory statements regarding his possession of and access to firearms, the Court finds, once again, that Felix poses a risk nonappearance and of danger to others and the community. (*See* Suppl. at 2755.) Accordingly, he is not entitled to temporary release under §§ 3143, 3145(c).

B. **18 U.S.C. § 3142(i)**

Even if the more lenient standard applicable to pretrial detainees under § 3142 was available to Felix, he still would still not be entitled to temporary release. Under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." In *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) (citing 18 U.S.C. § 3142(i)), the district court observed:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a

5

> compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at \*3. At least one district court in the Sixth Circuit has followed the approach laid out in *Clark*, and this Court, likewise, agrees that this guidance provides a useful framework for addressing requests for release under § 3142. *See, e.g., United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at \*2-3 (S.D. Ohio Mar. 30, 2020) (applying analysis set forth in *Clark* and denying defendant's motion for immediate release under the Bail Reform Act due to COVID-19).

As to the first factor—the original grounds for the defendant's pretrial detention—Judge Adams determined that Felix failed to introduce sufficient evidence to rebut the presumption that arises under 18 U.S.C. § 3142(e)(3). (Doc. No. 16 at 81-82.) He further found that no condition or combination of conditions would reasonably assure the appearance of Felix at trial, and that, even with possible conditions, Felix would present a serious risk to the safety of others and the community. (*Id*. at 82-83.) On reconsideration, the Court agreed with Judge Adams' conclusions. The Court specifically found that the evidence contained in the criminal complaint and the accompanying affidavit presented strong evidence against Felix. (Order at 164.) As further evidence supporting detention, the Court determined that Felix lacked a stable residence, that he had made contradictory statements regarding his ownership and possession of firearms, that he had failed a drug screening test, and that the conduct to which he had pled guilty demonstrated that he posed a serious and dangerous threat to the community. (*Id*. at 165.) These facts continue to counsel against release.

As for the second factor—the specificity of defendant's stated COVID-19 concerns—Felix offers only his generalized and speculative fears that he is at a higher risk for contracting COVID-19 at his present facility. Again, he does not allege that he suffers from a serious health condition which places him at a higher risk for contracting the COVID-19, and he only argues that the virus poses a risk to him and the prison community in general. (*See* Mot. at 173-74; Suppl. at 200-01.) Moreover, as set forth above, there are no documented cases at NEOCC and the BOP, NEOCC officials, and the U.S. Marshals Service have taken extraordinary measures to limit the threat posed by COVID-19.[1] While the Court is sympathetic to Felix's general concern about the COVID-19 virus, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19). This factor also weighs against release.

---

[1] -Felix states that his cellmate has "recently experienced sickness" (Mot. at 174), but he does not suggest that cellmate had COVID-19, or that he was otherwise exposed to the virus.

The third factor—effect of release plan on defendant—also favors continued detention. Felix offers no details about the circumstances under which he would reside in home detention, other than to suggest the use of "GPS Monitoring" and "Pretrial Service supervision." (Suppl. at 202.) For example, he offers no evidence on who will be residing with him, or what precautions will be taken there, including screening and isolation practices, that would keep him safe and limit his exposure to COVID-19.[2] Because the Court cannot even begin to evaluate whether the release plan reduces the risk to Felix, this factor mitigates against temporary release.

Finally, the fourth factor—effect of the release plan on the public—does not favor temporary release. Given Felix's prior criminal history and history of substance abuse, the Court is far from convinced that Felix would remain compliant on temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL

---

[2] In fact, Felix does not even identify *where exactly* he would reside. While he represents that he has a "stable place to live in Akron, Ohio[,]" (*see* Mot. at 174), this Court determined only a month ago that Felix "does not appear to have a stable residence." (Order at 164.) Specifically, the Court determined that, "Although [Felix] was living with his girlfriend in Twinsburg, Ohio, he is unable to live there now due to the charge in this case. And, although his father owns a house in Akron, this is the property that the government claims helped Mr. Felix to facilitate the instant offense. Finally, while his brother lives in Akron, the pretrial services officer did not have enough information regarding the brother's residence or background for the Court to determine if the residence was suitable." (*Id*.) Felix does not otherwise identify this place in Akron where he intends to reside, but, in the absence of new information, the Court renews its finding that Felix does not have a stable residence to where he could be released.

1274857, at *4 (D. Md. Mar. 17, 2020).

On balance, the Court finds that Felix has not established his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

I. CONCLUSION

For the forgoing reasons, the motion of defendant Felix for release on bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: April 6, 2020

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**